UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STIFEL, NICOLAUS & COMPANY, INC.,

        Plaintiff,

v.                                                         Case No. 17-cv-222-pp

CHRISTIAN B. HARKNESS,

        Defendant.

---

**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD (DKT. NO. 1), ENTERING JUDGMENT AND DISMISSING CASE**

---

On February 21, 2017, plaintiff Stifel, Nicolaus & Co., Inc. filed a motion seeking an order confirming its arbitration award against defendant Christian B. Harkness. Dkt. No. 1. A Milwaukee arbitration panel entered the award in FINRA (Financial Industry Regulatory Authority) Dispute Resolution arbitration. Stifel, Nicolaus & Co., Inc. v. Christian B. Harkness, FINRA Case No. 15-01145. The plaintiff also filed an affidavit of service from Mark Roubik from Southeast Wisconsin Process, LLC, stating that on March 8, 2017, he served the defendant's seventeen-year-old stepdaughter at the defendant's residence. Dkt. No. 5. The defendant never has appeared in this case.

I.     Jurisdiction and Venue

    A.     *Subject-Matter Jurisdiction*

The court has subject matter jurisdiction over this case because the parties are diverse—the plaintiff is a Missouri corporation, and the defendant is

1

a citizen of Wisconsin—and the amount in controversy exceeds $75,000. Dkt. No. 1 at 1-2. See 28 U.S.C. §1332(a). Venue lies in this district because the award, which issued in Milwaukee, gave rise to this motion. See 28 U.S.C. §1391(b)(2) (A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.")

B.   *Personal Jurisdiction*

Personal jurisdiction requires "valid service of process." Swaim v. Moltan Co., 73 F.3d 711, 719–20 (7th Cir.1996) (citing Omni Capital Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97 (1987)). Rule 4(e) of the Federal Rules of Civil Procedure sets out the rules governing service; in a case brought in courts of general jurisdiction in the state where the district is located or where service is made, the rule allows for service by following the state's law for serving a summons. Fed. R. Civ. P. 4(e). Wisconsin law requires that a plaintiff attempt service on an individual either by personally serving the summons or, if the defendant cannot be served personally with reasonable diligence, by "leaving a copy of the summons at the defendant's usual place of abode in the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof." Wis. Stat. §801.11. The plaintiff filed the affidavit of the process server, indicating that he attempted to serve the defendant personally four times on three different days, prior to leaving the motion to confirm arbitration award, civil cover sheet, exhibit list, exhibits, memorandum of law, and the corporate disclosure statement with the

2

defendant's seventeen-year-old stepdaughter at W4778 Deerview Drive, Lacrosse, Wisconsin. Dkt. No. 5.

Service of the summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4(k)(1)(A). The defendant falls under the general jurisdiction provision of Wis. Stat. §801.05, which confers jurisdiction over a defendant who "[i]s engaged in substantial and not isolated activities within this state . . . ." The defendant, who lives in LaCrosse, worked for the plaintiff in Wisconsin from September 2009 until December 2014; the underlying cause of action arose in Wisconsin, and the arbitration award issued from Milwaukee. The court is satisfied that the plaintiff has established personal jurisdiction, and so turns to the merits of the pending motion to confirm the arbitration award.

II.  Factual Background

The plaintiff filed copies of the August 10, 2016 Stipulated Award (dkt. no. 1-2), the July 9, 2015 Submission Agreement (dkt. no. 1-3), and the September 4, 2009 Promissory Note (dkt. no. 1-4). The plaintiff brought a claim against the defendant in arbitration for a breach of the promissory note, which became due and owing after the plaintiff terminated the defendant's employment. Dkt. Nos. 1-2 at 1 and 1-4 at ¶5. On or about April 22, 2016, the parties notified FINRA Dispute Resolution that they had entered into a settlement agreement, and that they had agreed to present the panel with a Stipulated Award. Dkt. No. 1-2 at 4. The respondent admitted liability in the

3

amount of "$439,706 in compensatory damages, plus interest at the rate of 4.5% per annum ($54.21 per day) from the date of the Award until the Award is paid in full; plus all future costs of collection." Dkt. No. 1-2 at 4.

III. Discussion

Under the Federal Arbitration Act ("FAA"), the court must confirm the arbitration award "unless the award is vacated, modified or corrected" as set out in §§10 and 11. 9 U.S.C. §9. The defendant agreed to arbitrate the dispute, as evidenced by the FINRA Arbitration Submission Agreement.[1] Dkt. No. 1-3. Additionally, the defendant agreed in the underlying promissory note that "any controversy or dispute arising under this Note, or out of Employee's employment by Stifel . . . be submitted for arbitration . . . ." Dkt. No. 1-4 at ¶10. The defendant agreed "that arbitration shall be the exclusive remedy and that the results of such arbitration shall be final and binding upon him." Id. He further agreed that the judgment on any award that an arbitration panel might issue could enter "in any state or federal court of competent jurisdiction." Id.

After the award issued on August 10, 2016, the plaintiff had one year to file its motion seeking confirmation. 9 U.S.C. §9. The court finds nothing in this record to suggest that a statutory exception to confirmation would apply.

---

[1] The Submission Agreement provides that the parties "submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with FINRA By-Laws, Rules and Code of Arbitration Procedure." Dkt. No. 1-3 at 2. The parties also voluntarily consented to "submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." Id.

Finally, the award provides for all future costs of collection, dkt. No. 1-2 at 4, and the note provides for reasonable costs and attorneys' fees, dkt. no. 1-4 at 5.

Because the court finds that it has subject-matter and personal jurisdiction, because the award has not been modified, vacated or corrected, and because the defendant has not entered an appearance or responded to the motion despite being served, the court will confirm the award.

IV. Conclusion

The court **GRANTS** plaintiff's motion to confirm the arbitration award, dkt. no. 1, and **ORDERS** that judgment enter in favor of the plaintiff in the following amounts: $439,706 in compensatory damages; interest at 4.5% per annum on the amount of $439,706 ($54.21 per day) from August 10, 2016 until the defendant pays the $439,706 plus interest due to the plaintiff; and attorneys' fees and costs incurred by the plaintiff in connection with this motion in an amount to be determined by the court. The court **ORDERS** the plaintiff to file an itemized statement of its fees and costs on or before the end of the day on August 30, 2017.

Dated in Milwaukee, Wisconsin this 24th day of August, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**